Richardson, J.
I concur in both the reasoning of my brother Frost, and the conclusion drawn — that there ought not to be a third trial of this case, after two concuring verdicts establishing all the facts, and, of course the question respecting Tamplet’s agreement in 1880. But independent of the facts, the agreements, and the intent of the settlement, and giving up the bonds of both Tamplet and Rowand by Fraser & Co. being thus twice decided by concurring juries, Fraser <fe Co’s claims to the money derived from the policy of insurance, can be no more than if Rowand himself had, with the privity and knowledge of Fraser Sp Co. received $1041 38, in June, 1830, instead of Fraser <fe Co. and then Fraser <fe Co. so knowing that Rowand had received the money, had still accepted the $3000 of Rowand, and delivered up his bond and entered satisfaction, (fee. But if Rowand had so received the money in 1830, and the composition with him had then been had in 1840, where can the reason or law be found for Fraser & Co’s recovering any part of the $1041 38, in a suit against Rowand?
Such a suit would be barred at law, by the receipt on the bond; and all the equity of his claims equally barred by the composition of 1840. Because made without pretending any right to the $1041 38, in the hands of Rowand.
But such was virtually and truly the position of Fraser *335 & Co. They had received the $1041 38 as agents, yet made the composition and gave up thé bond without notice of that money ; and Rowand knew nothing of their receipt of it.
Assuredly, then, the composition with Rowand, in 1840, was final ; and the verdicts in his favor well supported, upon both the true legal principle and the equitable consideration of the case.
How, then, can Rowand, not only the surviving co-partner, but the creditor of Tamplet, be deprived of any part of the money 7 The case, however complex, has, by two full investigations, been made plain to my understanding, and need not be again submitted to trial.